## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CAPITOL   SPECIALTY   INSURANCE
CORPORATION, a foreign corporation,

        Plaintiff,

vs.

ROYAL CRANE, LLC; ALL FLORIDA
TREE & LANDSCAPE, INC.; and RAE
FRANKS as Personal Representative of the
Estate of JORGE CARRERA ZARATE,

        Defendant.

CASE NO.: 0:14-CV-60815-UU

_____

## Capitol Specialty Insurance Corp.'s
## Dispositive Motion for Summary Judgment

### Introduction

Capitol Specialty Insurance Corporation insures All Florida Tree & Landscape, Inc. under a commercial general liability policy. This policy does not cover the accident described below because it excludes coverage for employer's liability and workers' compensation claims, as well as for any third-party indemnity claims arising out of them. In addition, this policy includes at least three other overlapping exclusions that bar coverage for claims brought by any person performing work for All Florida Tree, regardless of that person's formal status.

The Estate of Jorge Carrera Zarate has brought a personal injury lawsuit against Capitol's insured, All Florida Tree. This lawsuit alleges bodily injury sustained by Mr. Zarate while working for All Florida Tree as a tree trimmer. All Florida Tree's workers' compensation policy has already paid the Zarate Estate more than $160,000 in benefits for this incident. Royal Crane,

LLC – All Florida Tree's codefendant in this lawsuit – brought claims against All Florida Tree seeking indemnity from All Florida Tree for the same damages.

**Argument**

Interpretation of an insurance contract is a question of law, to be decided by the courts.[1] When the language of the policy is clear and unambiguous, there is no need for judicial construction and the contract must be enforced as written.[2]  Plain, unambiguous limitations within an insurance policy are given full force and effect.[3] An insurance contract is deemed ambiguous if it is susceptible to two or more reasonable interpretations that can fairly be made.[4] However, ambiguity is not invariably present when a contract requires interpretation.[5]

> **1.  All Florida Tree's insurance policy does not provide coverage for liability to its employees, which is specifically excluded under the policy's Third-Party-Over Action Exclusion.**

All Florida Tree's insurance policy ["the Policy"] excludes coverage for employer's liability through a Third-Party-Over Action Exclusion [referred to herein as the "Employer's Liability Exclusion"].[6] This exclusion precludes coverage for bodily injury to an "employee of any insured arising out of and in the course of employment."[7] It broadly applies to direct claims against the insured, "[w]hether an insured may be liable as an employer or in any other capacity"

---

[1] Adelberg v. Berkshire Life Ins. Co., 97 F. 3d 470, 472 (11th Cir. 1996).

[2] Kopelowitz v. Home Ins. Co., 977 F. Supp. 1179, 1185 (S.D.Fla. 1997).

[3] Seigle v. Progressive Consumers Ins. Co., 819 So. 2d 732, 735 (Fla. 2002).

[4] Continental Cas. Co. v. Wendt, 205 F. 3d 1258, 1262 (11th Cir. 2000).

[5] *Id.*

[6] Policy, D.E. 1-5 at p. 54

[7] *Id.*

and to "any insured against whom a claim is made or suit is brought for such bodily injury…whether by or on behalf of an employee of that insured or any other insured."[8] The exclusion also precludes coverage for third-party indemnity claims, specifically excluding "<u>any obligation to share damages with or repay someone else who must pay damages because of the injury</u>" (emphasis added).[9]

As has been noted by Florida's Supreme Court, "The obvious intent and meaning of [employer's liability] exclusion clauses is to relieve the insurer of responsibility for liability incurred by the insured because of work connected injuries to his business . . . employees."[10] The Second District Court of Appeal of Florida has described the exclusions' purpose as follows:[11]

> [S]uch exclusions…are inserted in business policies for the benefit of the employer. An employer is required to protect its employees pursuant to the Workers' Compensation Statute, Chapter 440, Florida Statutes. The employer then protects the general public by purchasing a liability insurance policy. Because employees are already protected by workers' compensation, the insurance policy bought to protect the general public generally specifically excludes coverage for injuries covered by workers' compensation. The insurance policy premium would necessarily be higher were this not so. These cross-employee provisions have been found not to contradict the other provisions of the policy, but rather qualify the other provisions.

Florida's courts have consistently held Employer's Liability exclusions to be valid and unambiguous.[12]

---

[8] *Id.*

[9] *Id.*

[10] <u>Griffin v. Speidel</u>, 179 So. 2d 569, 571 (Fla.1965).

[11] <u>Aetna Fire Underwriters Ins. Co. v. Williams</u>, 422 So. 2d 7, 9 (Fla. 2d DCA 1982).

[12] *See, e.g.*, <u>Amerisure Ins. Co. v. Orange & Blue Const., Inc.</u>, 913 F. Supp. 2d 1363, 1373 (S.D. Fla. 2012); <u>Griffin v. Speidel</u>, 179 So. 2d at 571; <u>McRae v. Snelling</u>, 303 So. 2d 670, 671 (Fla. 4th DCA 1974)("Appellee's argument here to the effect that the language of the exclusion is vague and ambiguous ought to be laid to rest once and for all."); <u>Ron Burton, Inc. v.</u>
(footnote cont'd)

The Employer's Liability Exclusion defines "employee," for the purpose of the exclusion, to include:[13]

> …loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of any insured under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any insured may be held liable as an employer.

Employees are separately defined in Florida's Workers' Compensation Statute. Under §440, 'employee' means "any person who receives remuneration from an employer for the performance of any work or service while engaged in any employment under any appointment or contract for hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed, and includes, but is not limited to, aliens and minors."[14]

Both definitions are relevant to interpreting the Employer's Liability Exclusion because the application of *either* definition will equally preclude coverage. Under Florida law, "[s]tatutory employees have been treated identically to actual employees in relation to standard employee exclusion clauses."[15] As noted in Florida Insurance Guarantee Association, Inc. v. Revoredo, "the logic in the exclusion from coverage of both types of employees is simple and compelling: the only coverage intended, and for which a premium has been paid, is the liability of the insured

---

Villwock, 477 So. 2d 596, 600 (Fla. 4th DCA 1985); Allstate Insurance Co. v. Anderson, 394 So. 2d 461, 461 (Fla. 3d DCA 1981).

[13] Policy, D.E. 1-5 at p. 54.

[14] Fla. Stat. Ann. § 440.02 (West).

[15] Florida Insurance Guarantee Association, Inc. v. Revoredo, 698 So.2d 890, 891 (Fla. 3d DCA 1997); *see also* Dodge v. Fidelity & Cas. Co. of N.Y., 424 S.2d 39 (Fla. 5th DCA) *rev. denied*, 431 So.2d 988 (Fla. 1983); Michaels v. United States Fidelity & Guar. Co., 129 So.2d 427 (Fla. 2d DCA 1961).

to the public, as distinguished from liability to the insured's employees whether or not they are protected by the workers' compensation law."[16]

Here, the Zarate Estate and Royal Crane are both seeking coverage under All Florida Tree's insurance policy. The Zarate Estate's amended complaint alleges that Mr. Zarate "work[ed] for All Florida Tree as a tree trimmer."[17] The complaint includes a single "Florida Statutes §440.11(1)(b)" count against All Florida Tree,[18] alleging that All Florida Tree violated the Workers' Compensation Law[19] by breaching its duty to "provide a reasonably safe working environment," and to "ensure that its jobsites were free from recognized hazards."[20] All Florida Tree's codefendant, Royal Crane, has brought a third-party complaint against All Florida Tree, seeking indemnity for the personal injury claims brought against Royal Crane by the Zarate Estate.[21] This complaint identifies Zarate as All Florida Tree's "statutory and putative employee."[22]

---

[16] Revoredo, 698 So.2d at 892.

[17] Amend. Compl. for Wrongful Death ¶ 23 (June 13, 2014) (filed as D.E. 31-1)

[18] In addition, the Zarate Estate has now brought a claim against All Florida Tree's owner, Alan McPherson, personally, for reckless and culpable negligence. Capitol does not seek to include Mr. McPherson as a separate party to the present declaratory action at this time. However, Capitol reserves the right to bring a declaratory action against Mr. McPherson if the present declaratory action and the ongoing, underlying personal injury lawsuit fail to fully resolve any questions as to the scope of coverage available to Mr. McPherson under All Florida Tree' insurance policy.

[19] Fla. Stat. Ann. § 440.01 (West).

[20] Amend. Compl. for Wrongful Death ¶¶ 100–102 (filed as D.E. 31-1).

[21] Third Party Compl. ¶¶ 3–7 (October 22, 2013) (filed as D.E. 1-3).

[22] Third Party Compl. ¶ 7 (filed as D.E. 1-3).

No coverage exists for any of these claims because they fall squarely within the scope of the Employer's Liability Exclusion. The Estate's §440.11(1)(b) claim alleges that All Florida Tree breached its duty to Mr. Zarate to "provide a reasonably safe and secure working environment, to ensure that its jobsites were free from recognized hazards that were causing or were likely to cause death of serious physical harm" by "delierately expos[ing]" Mr. Zarate to "ulra-hazardous work conditions."[23] Thus, to paraphrase the language of the Employer's Liability Exclusion, the Estate seeks coverage for bodily injury to All Florida Tree's employee arising out of and in the course of his employment. Although this claim is brought against All Florida Tree squarely in its capacity as Mr. Zarate's employer, this exclusion applies whether All Florida Tree "may be liable as an employer or in any other capacity."[24]

Royal Crane's indemnity claim, meanwhile, seeks both common law (Count I) and contractual (Count II) indemnification from All Florida Tree for damages claimed againt Royal Crane by the Zarate Estate.[25] In addition, Royal Crane has brought a breach of contract claim (Count III) alleging that the damages suffered by Mr. Zarate were the result of a breach of All Florida Tree's contract with Royal Crane.[26] To again paraphrase the Employer's Liability Exclusion, Counts I and II of Royal Crane's complaint seek *damages arising out of All Florida Tree's obligation to repay someone else – namely Royal Crane – for damages sustained by All Florida Tree's employee arising out of and in the course of his employment*.

---

[23] Amend. Compl. for Wrongful Death ¶¶ 100–102 (filed as D.E. 31-1).

[24] Policy, D.E. 1-5 at p. 54.

[25] Third Party Compl. ¶¶ 8–19 (filed as D.E. 1-3).

[26] Third Party Compl. ¶¶ 4, 8–19 (filed as D.E. 1-3).

As for Count III (and setting aside for now the policy's separate Contractual Liability Exclusion) the damages sought in the breach of contract claim are limited to bodily injury and related damages sustained by Mr. Zarate and his Estate. Royal Crane has no standing to claim Mr. Zarate's injuries as damages absent its own obligation in tort to the Zarate Estate. Again, therefore, Royal Crane seeks damages arising out of All Florida Tree's obligation to repay it for damages sustained by All Florida Tree's employee. Royal Crane's presentation of this count as a breach of contract claim rather than an indemnity claim is immaterial under the exclusion's language. Whether alleged as breach of contract or indemnity, Royal Crane seeks coverage for "[b]odily injury…to… [a]n employee of any insured arising out of and in the course of employment."[27]

There is no factual question as to Mr. Zarate's status as an employee of All Florida Tree. The Zarate Estate alleges that Mr. Zarate was "working for All Florida Tree as a tree trimmer,"[28] while Royal Crane alleges that Mr. Zarate was All Florida Tree's "statutory and putative employee."[29] Such allegations, alone, are sufficent to establish Mr. Zarate's status an an employee. In Stephens v. Mid-Continent Casualty Company, for instance, the Southern District of Florida applied an employer's liability exclucion to preclude coverage under a commercial general liability policy.[30] In fact, the court ruled that the mere allegation that a "worker" was "hired to install a modular home" was sufficient to preclude a duty to *defend* the insured where

---

[27] Policy, D.E. 1-5 at p. 54.

[28] Amend. Compl. for Wrongful Death ¶ 23 (filed as D.E. 31-1).

[29] Third Party Compl. ¶ 7 (filed as D.E. 1-3).

[30] 915 F. Supp. 2d 1320, 1334 (S.D. Fla. 2013) *aff'd*, 749 F.3d 1318 (11th Cir. 2014).

that allegation was supported by a "vast array of extrinsic evidence."[31] The court found that the alleged "worker" was also an "employee" under the employer's liability exclusion, regardless of the claimant estate's characterization of his status as something other than an "employee."[32] The court also found that the employer's liability exclusion applied regardless of whether the employer had properly secured workers' compensation coverage as required under Florida Statutes §440.[33]

Here, discovery has confirmed Mr. Zarate's status as All Florida Tree's employee. Without belaboring a point that does not appear to be reasonably in dispute, Mr. Zarate's employment records show that federal withholdings, social security withholdings, medicare withholdings, and workers' compensation withholdings were all deducted from his paychecks.[34] In applying for employment with All Florida Tree, Mr. Zarate signed and completed an Employment Eligibility Application, Form I-9.[35] These forms are only required to be submitted for "employees hired for employment," and are not required for the retention of a subcontractor or leased worker.[36] All Florida Tree issued a company shirt and company-owned protective

---

[31] *Id.* at 1333.

[32] *Id.*

[33] *Id.* at 1332.

[34] Employee Pay Records (filed as D.E. 38-2).

[35] Form I-9 (filed as D.E. 38-6).

[36] Official Website of the Department of Homeland Security, *Do I need to use form I-9?*, http://www.uscis.gov/i-9-central/complete-correct-form-i-9/who-needs-use-form-i-9/do-i-need-use-form-i-9 (accessed Jan. 22, 2015).

equipment to Mr. Zarate for use in his work[37] Mr. Zarate was also identified as an employee on the workers' compensation injury report for this incident.[38]

In addition, the Zarate Estate received workers' compensation benefits through All Florida Tree as a result of the underlying accident, and "Ascendant Claims Services has asserted a lien for payments made to or on behalf of the Estate of Jorge Carrera Zarate in the amount of $167,893.51" for these benefits.[39]

Even if Mr. Zarate's formal status as an employee is somehow disputed, the Employer's Liability Exclusion specifically extends the definition of "employee" to include "persons who are or may be deemed employees of any insured under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any insured may be held liable as an employer."[40] Thus, the definition of "employee" in All Florida Tree's policy is broader than the one that precluded coverage in Stephens v. Mid-Continent Casualty Company, where the policy's definition of "employee" simply noted that "'employee' includes a 'leased worker' [but] does not include a 'temporary worker.'"[41] In addition, there is no dispute that the Zarate Estate received workers' compensation benefits as a result of the underlying accident.[42] Although the Employer's Liability Exclusion applies regardless of whether such coverage was

---

[37] Safety Equipment Form (D.E. 38-4); Def. Ans. to Interrog., No. 1 (December 5, 2014) (filed as D.E. 38-5).

[38] First Report of Injury or Illness (filed as D.E. 38-3).

[39] Def. Ans. to Interrog., No. 2 (filed as D.E. 38-5).

[40] Policy, D.E. 1-5 at p. 54.

[41] 915 F. Supp. 2d at 1325.

[42] Def. Ans. to Interrog., No. 2 (filed as D.E. 38-5).

obtained,[43] the existence of such coverage is undisputed evidence of Mr. Zarate's status as both a nominal and statutory employee of All Florida Tree.

The Employer's Liability Exclusion bars coverage from these claims based solely upon the allegations of both the Zarate Estate and Royal Crane. Mr. Zarate's employment status has been confirmed by discovery obtained over the course of this litigation. Thus, Capitol seeks a ruling from this Court that the Employer's Liability Exclusion excludes coverage for all claims that have been brought against All Florida Tree by either the Zarate Estate or Royal Crane, and that Capitol has no duty to defend or indemnity All Florida Tree for these claims.

   **2.  All Florida Tree's liability for its employee's bodily injury is excluded from coverage under the Policy's Workers' Compensation and Similar Laws Exclusion.**

In addition, to being excluded by the Employer's Liability Exclusion, Royal Crane's and the Zarate Estate's claims against All Florida Tree are also excluded under the Workers' Compensation and Similar Laws Exclusion [referred to herein as the "Workers' Compensation Exclusion"]. Specifically, this exclusion bars coverage for "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law."[44]

Workers' Compensation exclusions are generally interpreted in conjunction with Employer's Liability Exclusions, and the coverage excluded by these two provisions often overlaps. In <u>Griffin v. Speidel</u>, Florida's Supreme Court found that each of these provisions

---

   [43] <u>Stephens v. Mid-Continent Casualty Company</u>, 915 F. Supp. 2d at 1332; <u>Griffin v. Speidel</u>, 179 So. 2d 569, 571 (Fla. 1965).

   [44] Policy, D.E. 1-5 at p. 24.

excluded coverage for an employee's bodily injury claim.[45] In <u>Florida Insurance Guarantee Association, Inc. v. Revoredo</u>, the court explained the distinction between these exclusions by noting that the Workers' Compensation Exclusion acted to "exclude coverage of those employees protected by the workers' compensation law," whereas the Employer's Liability Exclusion served to "exclude liability for injury to employees *generally*."[46]

Here, there is no dispute that All Florida Tree maintained workers' compensation coverage, and that the claimant's estate received benefits through that policy.[47] The Zarate Estate's sole count against All Florida Tree (titled "Violation of F. S. § 44.011(1)(b) Against All Florida Tree") was also brought directly under Florida's Workers' Compensation Statute.[48] Royal Crane's claim against All Florida Tree, meanwhile, seeks indemnity for the claim brought by the Zarate estate for the same injuries that gave rise to the Zarate Estate's workers' compensation claim.[49]

Like the Employer's Liability Exclusion, the Workers' Compensation and Similar Laws Exclusion also bars coverage for the claims brought by the Zarate Estate and Royal Crane under the facts of this case. Therefore, Capitol seeks a ruling from this Court that the Workers' Compensation Exclusion applies to all claims that have been brought against All Florida Tree by

---

[45] 179 So. 2d at 571; *see also* <u>Aetna Fire Underwriters Ins. Co. v. Williams</u>, 422 So. 2d at 9.

[46] 698 So.2d at 891 (emphasis original).

[47] Policy, D.E. 1-5 at p. 24.

[48] Amend. Compl. for Wrongful Death ¶¶ 100–102 (filed as D.E. 31-1).

[49] Third Party Compl. ¶¶ 3–7 (filed as D.E. 1-3).

either the Zarate Estate or Royal Crane, and that Capitol has no duty to defend or indemnity All Florida Tree for these claims.

### 3. The Contractual Liability Exclusion bars coverage for Royal Crane's breach of contract claim.

To the extent that the Employer's Liability and Workers' Compensation Exclusions are found to exclude coverage for the claims of both the Zarate Estate and Royal Crane, and that Capitol is found to not to have a duty to defend or indemnify All Florida Tree for these claims, Capitol does not seek a redundant ruling as to the application of the Policy's Contractual Liability Exclusion. However, the Policy does indeed include such a provision, which excludes "bodily injury…for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement."[50] This exclusion applies not only to an insured's contractual assumption of a third party's tort liability, but also to contract-based claims arising out of the insured's own conduct.[51]

This exclusion is potentially relevant to all claims brought against All Florida Tree by either Royal Crane or the Zarate Estate. For the purpose of this Motion, however, and to the extent that the ruling is not redundant, Capitol seeks a ruling on the application of this exclusion to a single count of Royal Crane's third-party complaint.

Count III of Royal Crane's third-party complaint is titled "Breach of Contract" and, by its plain language, seeks to hold All Florida Tree liable for Mr. Zarate's bodily injury, which Royal

---

[50] Policy, D.E. 1-5 at p. 24.

[51] MarineMax, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A., No. 8:10-CV-1059-T-33AEP, 2013 WL 425832, at *9 (M.D. Fla. Feb. 4, 2013) reconsideration denied, No. 8:10-CV-1059-T-33AEP, 2013 WL 2708301 (M.D. Fla. June 11, 2013).

Crane alleges arose out of All Florida Tree's breach of the provisions of a contract between Royal Crane and All Florida Tree "to perform crane lifting operations at the subject project."[52]

As framed, Count III seeks damages from All Florida Tree by reason of All Florida Tree's assumption of liability in a contract. Thus, this count falls squarely within the Contractual Liability Exclusion and is excluded from coverage.

**4. The Policy's additional work-related exclusions further demonstrate the Policy's exclusion of work-related claims.**

In addition to excluding employer's liability and workers' compensation claims, the Policy also excludes Non-Employee Labor, Contracted Persons, and Professional Services-Contractors. These additional exclusions demonstrate the Policy's clear intent to exclude all such claims from coverage regardless of language or legal theory used to describe the claimant's status.

The Non-Employee Labor Exclusion prevents coverage for "bodily injury…to, or medical expenses for, any person who participates in the course of work performed by [the insured], who is not employed, subcontracted or being compensated in any way by [the insured]."[53] Thus, the Policy does not rely upon Mr. Zarate's status as either the nominal or statutory employee or even a subcontractor of All Florida Tree to exclude coverage for any person that was injured in the course performing All Florida Tree's work.

In case these exclusions leave any doubt, the Policy also includes a Contracted Persons Exclusion, which prevents coverage for "bodily injury…or medical expenses sustained by any

---

[52] Third Party Compl. ¶¶ 8–19 (filed as D.E. 1-3).

[53] Policy, D.E. 1-5 at p. 39.

person who is…[c]ontracted with [the named insured] or with any insured for services."[54] The Contracted Persons Exclusion also prevents coverage for "bodily injury…or medical expenses sustained by any person who is…[e]mployed by, leased to or contracted with any entity that is…[c]ontracted with [the named insured] or with any insured for services; or [c]ontracted with others on [the named insured's] behalf for services."[55]

To preclude any argument that these exclusions are somehow inapplicable to professional services, the Policy also includes a Professional Services – Contractors Exclusion, which prevents coverage for "bodily injury…or medical expenses arising out of the rendering or failure to render any professional service by [the named insured] or for [the named insured]."[56] This specifically includes, among other things, "the preparing, approving, or failure to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications; or…[i]nspection, supervision, quality control or engineering services."[57] Here, All Florida Tree provided services in the scope of a contracted, permitted tree removal project.[58] To the extent that these services constituted "professional services," therefore, this exclusion would also preclude coverage.

## Conclusion

The Zarate Estate's and Royal Crane's claims against All Florida Tree are not covered under All Florida Tree's commercial general liability insurance policy because they are wholly

---

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] City of Ft. Lauderdale Permit (filed as D.E. 38-1).

excluded by Employer's Liability and Workers' Compensation Exclusions. The Zarate Estate's claim is excluded because it alleges bodily injury arising out of Mr. Zarate's Employment. Royal Crane's claims are excluded because they seek indemnity for Royal Crane's obligations to pay damages because of that bodily injury.

Any dispute by the Zarate Estate or Royal Crane as to Mr. Zarate's formal status as an "employee" is irrelevant because of the Policy's broad definition of "employee" and because of three or more additional exclusions that would bar coverage based upon any conceivable relationship between Mr. Zarate and All Florida Tree. In addition to being excluded under the Employer's Liability and Workers' Compensation Exclusions, Royal Crane's claim for breach of contract is also excluded under the Policy's Contractual Liability Exclusion.

The Zarate Estate's and Royal Crane's claims are excluded both under the complaints' allegations and based upon all information obtained over the course of discovery. Therefore, Capitol now requests a final judgment holding that Capitol has no duty to defend or indemnify All Florida Tree for those claims.

Dated: January 29, 2015
Tampa, FL

/s/Garett Raines_____
Bruce A. Aebel
Florida Bar No: 0066435
Email:  baebel@bankerlopez.com
Garett Raines
Florida Bar No: 0037178
Email: graines@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Plaintiff
Capitol Specialty Insurance Corp.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 29, 2015, I presented the foregoing to the clerk and to all appearing parties via electronic filing.  In addition, the foregoing was presented via US mail to Alan McPherson, All Florida Tree & Landscape, Inc., 5855 N.W. 47th Place, Coral Springs, FL  33067.

/s/Garett Raines_____
Bruce A. Aebel
Florida Bar No: 0066435
Email:  baebel@bankerlopez.com
Garett Raines
Florida Bar No: 0037178
Email: graines@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Plaintiff
Capitol Specialty Insurance Corp.