UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAPITOL SPECIALTY INSURANCE
CORPORATION, a foreign corporation,

    Plaintiff,

vs.

CASE NO. 0:14-CV-60815-Bloom

ROYAL CRANE, LLC; ALL FLORIDA
TREE & LANDSCAPE, INC.; and RAE
FRANKS as Personal Representative of the
Estate of JORGE CARRERA ZARATE,

    Defendants.
_____/

## DEFENDANT ROYAL CRANE, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF CAPITOL'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT ROYAL CRANE, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT

    Defendant, ROYAL CRANE, LLC ("ROYAL CRANE"), by and through its undersigned attorney, David R. Howland, moves this Court, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56.1 of the Local Rules of the United States District Court for the Southern District of Florida, for entry of an order denying Plaintiff CAPITOL SPECIALTY INSURANCE CORP. ("CAPITOL")'s Motion for Summary Judgment, and further granting Defendant ROYAL CRANE LLC's Cross-Motion for Summary Judgment. In support thereof, ROYAL CRANE submits this motion and incorporated memorandum of law and states as follows:

### INTRODUCTION

    Plaintiff CAPITOL issued a commercial general liability policy to Defendant ALL FLORIDA TREE & LANDSCAPE, INC. Defendant ALL FLORIDA TREE & LANDSCAPE, INC. is in the business of landscaping, which includes removal, pruning or trimming of trees.

1

On or about August 21, 2012, Defendant ALL FLORIDA TREE & LANDSCAPE, INC. was hired to remove a large tree on a residential property in Fort Lauderdale, Broward County, Florida. In order to effectuate removal, Defendant ALL FLORIDA TREE & LANDSCAPE rented a crane from Defendant ROYAL CRANE, LLC. As was customary between ALL FLORIDA TREE & LANDSCAPE, INC. and ROYAL CRANE, LLC, the parties entered an Equipment Service Agreement wherein ALL FLORIDA TREE & LANDSCAPE, INC. agreed to defend and indemnify ROYAL CRANE, LLC for all claims for death or injury arising out of the work performed. ROYAL CRANE seeks coverage under ALL FLORIDA TREE & LANDSCAPE, INC.'s policy due to this indemnification agreement.

## MEMORANDUM OF LAW

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Defendant ROYAL CRANE acknowledges that it has the burden to inform the court of the basis for its motion, and identify the portions of the record which show the absence of any genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).

Once Defendant ROYAL CRANE has met this burden, the burden then shifts to Plaintiff CAPITOL to show specific facts which establish genuine issues of material fact. Fed. R. Civ. P. 56(e).

Defendant ROYAL CRANE asserts that it has shown specific facts which establish genuine issues of material fact in regards to Plaintiff CAPITOL's Motion for Summary

Judgment. An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Circ. 1996) (citations omitted). A fact is material if it may affect the outcome of the case under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Circ. 1997).

Defendant ROYAL CRANE submits that Plaintiff CAPITOL cannot succeed in summary judgment as the alleged exclusions to coverage in its policy are inapplicable to the facts of the instant case. And, as a result, it is the Defendant ROYAL CRANE that is entitled to summary judgment as a matter of law finding that coverage is available to it. Exclusionary clauses in insurance contracts are construed liberally against the insurance company and in favor of coverage for the insured. Tropical Park, Inc. v. United States Fidelity & Guaranty Co., 357 So.2d 253 (Fla. 3d DCA 1978).

B. Application of Law to the Facts

Defendant ALL FLORIDA TREE & LANDSCAPE, INC. entered into an agreement with Defendant ROYAL CRANE to indemnify ROYAL CRANE and hold ROYAL CRANE harmless for any damages or death to persons even if caused by ROYAL CRANE's negligence.[1] Defendant ROYAL CRANE looks to Plaintiff CAPITOL for indemnification under this agreement with CAPITOL's insured, ALL FLORIDA TREE & LANDSCAPE, INC.

Before a duty to indemnify arises, however, there must be a determination that coverage exists. See McCreary v. Florida Residential Prop. & Cas. Joint Underwriting Ass'n, 758 So.2d 692 (Fla. 4th DCA 1999) (citations omitted). Plaintiff CAPITOL has filed a Complaint for Declaratory Relief and a Motion for Summary Judgment contending that coverage does not exist.

---

[1] The Equipment Service Agreement is attached as Exhibit C to Plaintiff's Amended Complaint for Declaratory Relief, and is also an Exhibit to the Notice of Filing in Support of Summary Judgment Motion filed with this motion.

3

Defendant ROYAL CRANE disputes this position, and asserts that coverage exists under the policy and summary judgment for ROYAL CRANE is therefore appropriate.

Plaintiff CAPITOL's Complaint for declaratory relief and its subsequent Motion for Summary Judgment rely upon several exclusions which purportedly bar coverage to Defendant ROYAL CRANE for this loss even with the indemnity agreement in place. Defendant addresses these exclusions and how they are inapplicable to the instant case in the following paragraphs:

*1. Contractual Liability Exclusion and the Employer Liability Exclusion*

In its Motion for Summary Judgment, Plaintiff CAPITOL relies heavily on both the contractual liability exclusion and the employer liability exclusion of its policy contending that each of these provisions bars coverage for the losses claimed.

However, the contractual liability exclusion and the employer liability exclusion are inapplicable to Defendant ROYAL CRANE because each of these exclusions has a "savings clause" where the exclusion does not apply if the insured/Defendant ALL FLORIDA TREE & LANDSCAPE, INC. entered into an insured contract with another party. That is exactly what occurred in this case. The Equipment Services Agreement is an "insured contract" under the CAPITOL policy.

Federal courts have analyzed whether indemnification provisions between an insured and a third party constitute "insured contracts" requiring coverage to be extended for the loss. In <u>WBI Energy Transmission, Inc. v. Colony Ins. Co.</u>, 2014 WL 4851900 at *7-8 (D. Mont. Sept. 29, 2014), a Montana court held that the contractual liability exclusion did not preclude coverage to a third party with whom the insured contracted to indemnify for the insured's negligence. The court deemed this indemnity agreement to be an "insured contract" because the agreement pertains to the insured's business; the insured assumed the tort liability of

4

the third party to pay for bodily injury to a third person; and the injuries were caused in whole or in part while the injured party was acting on the insured's behalf.

Similarly, the Southern District of New York held that an insured contract prevented the insurer from denying coverage under the contractual liability exclusion. United Parcel Serv. v. Lexington Ins. Group, 983 F.Supp.2d 258, 262-264 (S.D.N.Y 2013).

Both of these courts looked to how the insurance policy defined insured contract before deciding that the indemnification provisions should be classified as insured contracts. In the instant case, the Plaintiff CAPITOL's policy provides the definition of "insured contract" in an endorsement which reads as follows:

> 9.   "Insured contract" means:
>    …
>    f.   That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization, provided the "bodily injury" or "property damage" is caused, in whole or in part, by you or by those acting on your behalf. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement. (D.E. 1-4, endorsement CG24 26 07 04)

Applying that definition to the instant case, the Equipment Services Agreement meets the definition of an "insured contract". It is undisputed that the agreement between Defendant ALL FLORIDA TREE & LANDSCAPING, INC. and Defendant ROYAL CRANE was entered as a normal course of business between the two parties; the agreement provides that ALL FLORIDA TREE & LANDSCAPING, INC. assumes the tort liability of ROYAL CRANE to pay for bodily injury for third persons; and the bodily injury was caused in whole or in part by Defendant ALL FLORIDA TREE & LANDSCAPING, INC.

The case relied upon in Plaintiff CAPITOL's Motion for Summary Judgment is distinguishable from this case. In Marine Max, Inc. v. National Union Fire Ins. Co., 2013 WL

2708301 (M.D. Fla. June 11, 2013), the Middle District held that the contractual liability exclusion applied to some claims because the liability assumed by the insured arose solely out of contractual obligations the insured had made with banks, and not out of any tort liability. However, in the same case, the Middle District found that that contractual liability exclusion did not exclude coverage on a claim where the bank also made negligence claims against the insured.

In the instant case, the "insured contract" between Defendant ROYAL CRANE and Defendant ALL FLORIDA TREE & LANDSCAPE, INC. concerns tort liability, i.e. that these Defendants are being charged with negligence in the death of the Decedent.

Another case which is more comparable to the case at bar is <u>North American Specialty Ins. Co. v. Pen Pals Productions, LLC</u>, 789 F.Supp.2d 1343 (M.D. Georgia 2011). The <u>Pen Pals</u> case concerns the employee liability exclusion which Plaintiff CAPITOL also contends excludes coverage in the instant case. North American Specialty Insurance Co. brought a declaratory action against its insured, a production company, and others seeking a declaration that its commercial general liability policy provided no coverage for an underlying wrongful death and indemnity claims asserted against the insured arising out of an incident where the decedent (an employee of the insured) received a fatal electrical shock when an aerial lift came into contact with overhead power lines while the deceased was working on the set of a film. The rental company who leased the aerial lift and the insured had entered into a rental agreement that contained an indemnity provision. This indemnity provision required that the insured fully indemnify and hold harmless the rental company for bodily injury.

The insurance company contended that the employee injury exclusion clause barred coverage for the wrongful death claim and no coverage was available to the rental company under the indemnity provision.

The Georgia federal court held that while the employee injury exclusion would bar coverage to the insured, the policy language provided an "insured contract" exception to both the contractual liability exclusion and the employee injury exclusion. The court stated:

> This means that even if the employee-injury exclusion is found to bar coverage for the [deceased]'s claim against [the insured], coverage can still exist for the [rental company]'s crossclaim if the rental agreement constitutes an insured contract. Id. at 1347.

The Pen Pals court concluded that because the rental agreement was an "insured contract", coverage would be afforded to the rental company. The case at bar is indistinguishable not only on the facts of the occurrence, but also on the policy language, exclusions and exceptions. As a result, the same conclusion should be reached here; that is, even if no coverage is afforded to Defendant ALL FLORIDA TREE & LANDSCAPING, INC., the rental agreement between ALL FLORIDA TREE & LANDSCAPING, INC. and ROYAL CRANE constitute an "insured contract" which would then extend coverage for Defendant ROYAL CRANE's indemnification claim.

   2. *Non-employee Labor Exclusion and Contracted Persons Exclusion*

It is undisputed that the Deceased JORGE CARRERA ZARATE was an employee of the insured, Defendant ALL FLORIDA TREE & LANDSCAPE, INC. on the date of loss. The non-employee labor exclusion unambiguously states that the insurance does not apply to bodily injury to any person who is not employed, subcontracted or compensated in any way by the insured. (Complaint, para. 32). Factually, this exclusion just does not fit.

Similarly, the contracted persons exclusion provides that the insurance does not apply to bodily injury sustained by any person who is contracted with the insured for services, or employed by/leased to/contracted with any entity that is contracted with the insured or others on

7

the insured's behalf. (Complaint, para. 32). The Deceased was not contracted with another company. He was an employee of Defendant ALL FLORIDA TREE & LANDSCAPE, INC. This narrow exclusion does not apply to the facts of this case.

3. *Professional Services Exclusion*

This exclusion applies to contractors. Defendants ALL FLORIDA TREE & LANDSCAPE, INC. and ROYAL CRANE did not operate as contractors herein, and did not perform any of the activities listed under this exclusion.

4. *Mobile Equipment Exclusion*

While Plaintiff CAPITOL's policy excludes coverage for bodily injury arising out of the "use of mobile equipment in any demolition activity", Defendant ROYAL CRANE asserts that this exclusion is inapplicable as the Decedent's death did not arise out of the use of the mobile crane in a demolition activity. First, the crane used on the job site does not fall under the strict definition of "mobile equipment" which is provided in the policy. The policy defines "mobile equipment as "bulldozers, farm machinery, forklifts and other vehicles designed for use principally off public roads". The driver of the crane rented to ALL FLORIDA TREE & LANDSCAPING, INC. provided deposition testimony wherein he stated that these cranes are designed to be driven on the highway and are classified as mobile truck cranes.[2] Furthermore, the Decedent's death did not arise out of the use of this mobile truck crane, but from the electrocution from power lines that had not been de-energized prior to the tree work commencing.

In addition, Defendant ROYAL CRANE was not using its machinery for demolition. Rather, the job at hand was tree trimming/removal. The word "demolition" is not defined in

---

[2] Deposition of Robert Dale Scesny, pp. 8-9.

8

Plaintiff CAPITOL's insurance policy. However, in <u>Wood v. Southern Crane</u>, 117 So.3d 65 (Fla. 1st DCA 2013), the Florida appellate court concluded that tree removal was not part of a job in the construction industry. Rather, tree removal was in a separate category for purposes of worker's compensation classifications. While this is not a worker's compensation case, the analysis provided is instructive for demonstrating that the activity performed on the date of loss does not fall within the definition of demolition; and therefore, the exclusion is inapplicable.

## CONCLUSION

Each of the exclusions relied upon in Plaintiff CAPITOL's complaint for declaratory relief falls flat when applied to the facts of this case. As such, Plaintiff CAPITOL cannot succeed on summary judgment. On the contrary, ROYAL CRANE LLC is entitled to summary judgment as the policy provides coverage for ROYAL CRANE's indemnity claims.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ___3rd___ day of **February, 2015** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via Notices of Electronic Filing generated by CM/ECF on **Gary M. Hellman, Esq.**, Goldman & Hellman, Co-Counsel for Royal Crane, LLC, 800 Southeast Third Ave, Fourth Floor, Ft. Lauderdale, FL 33316; **Mariano Garcia, Esq.**, Searcy Denney Scarola Barnhart & Shipley, P.A., Counsel for Defendant, Rae Franks as Personal Representative of the Estate of Jorge Carrera Zarate, Deceased, 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409; and **Bruce A. Aebel, Esq.** and **Garett Thomas Raines, Esq.**, Baker Lopez Gassler, P.A., Counsel for Plaintiff, 501 E. Kennedy Blvd., Suite 1500, Tampa, FL 33062; and via U.S. mail on **Alan McPherson**, All Florida Tree & Landscaping, Inc., 5855 NW 47th Place, Coral Springs, FL 33067.

**DAVID R. HOWLAND, ESQ.**
Co-Counsel for Defendant, Royal Crane, LLC
Law Offices of David R. Howland
1450 Madruga Avenue, Suite 203
Coral Gables, FL 33146
Telephone: 305-662-9510 / Facsimile: 305-662-4339
E-Mail: davidrhowland@howlandlaw.com

By: _____
DAVID R. HOWLAND, ESQ.
FL Bar No. 127763