UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAPITOL SPECIALTY INSURANCE
CORPORATION, a foreign corporation,

    Plaintiff,

vs.

CASE NO. 0:14-CV-60815-Bloom

ROYAL CRANE, LLC; ALL FLORIDA
TREE & LANDSCAPE, INC.; and RAE
FRANKS as Personal Representative of the
Estate of JORGE CARRERA ZARATE,

    Defendants.
_____/

## DEFENDANT ROYAL CRANE, LLC'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

The Defendant, ROYAL CRANE, LLC, by and through its undersigned counsel, and pursuant to Local Rule 56.1, hereby files its Statement of Material Facts in Support of its Motion for Summary Judgment as follows:

1. Plaintiff CAPITOL insures the Defendant ALL FLORIDA TREE & LANDSCAPE, INC. under a commercial general liability policy. (D.E. 1, para. 23-26; D.E. 1-5).

2. Defendant ALL FLORIDA TREE & LANDSCAPE, INC. was hired to remove a tree at a home site on or about August 21, 2012. (D.E. 1-2, para. 17).

3. Defendant ALL FLORIDA TREE & LANDSCAPE, INC. had performed similar tree removals in the past and frequently hired ROYAL CRANE to provide machinery to take down a large tree. (McPherson depo, p. 115).[1]

---

[1] This deposition is submitted under a Notice of Filing in Support of Motion for Summary Judgment.

1

4. On or about August 21, 2012, Defendant ALL FLORIDA TREE & LANDSCAPE, INC. hired Defendant ROYAL CRANE for the tree removal project. (McPherson depo., p. 129).

5. In doing so, Defendant ALL FLORIDA TREE & LANDSCAPE, INC. entered into an Equipment Service Agreement with Defendant ROYAL CRANE. (D.E. 1, para. 20; D.E. 1-4).

6. This Equipment Service Agreement was entered each time the Defendant ALL FLORIDA TREE & LANDSCAPE, INC. hired Defendant ROYAL CRANE for assistance on a tree project, and this agreement was a regular part of the agreement between ALL FLORIDA TREE & LANDSCAPE, INC. and ROYAL CRANE. (McPherson depo., pp. 115-129; John Dewhurst depo., pp. 57-59).[2]

7. The Equipment Service Agreement includes an indemnity provision which states:

> INDEMNIFICATION -Sub-subcontractor (hereinafter "Customer") agrees to indemnify and save Subcontractor (hereinafter HUNTER/MERCHANT having the same meaning as Hunter Crane), its employees and agents harmless from all claims for death or injury to persons, including HUNTER/MERCHANT's employees, of all loss, damage or injury to property, including the equipment, arising directly, indirectly, or in any manner out of Customer's work. Customer's duty to indemnify thereunder shall include all costs or expenses arising out of all claims specified herein, including all court and/or arbitration costs, filing fees, attorney's fees and costs of settlement. Customer shall be required to indemnify HUNTER/MERCHANT for HUNTER/MERCHANT's own negligence or fault, whether the negligence or fault of HUNTER/MERCHANT be direct, indirect or derivative in nature and whether the damages claimed are caused in whole or in part by the acts, errors or omissions of HUNTER/MERCHANT, However, the indemnification above shall not be limited in any way by any limitation on the amount or type of damage, compensation or benefits payable by or for the Customer under workers'

---

[2] The deposition of John Dewhurst is filed under a separate Notice of Filing in support of the motion for summary judgment.

compensation acts, disability benefits acts, or other employee benefits acts. The Customer's obligation hereunder shall further not be limited by the amount of its liability insurance and the purchase of such insurance for HUNTER/MERCHANT shall not operate to waive any of the above obligations. This provision is separate and distinct from any other provision or paragraph in this contract, including any provision or paragraph concerning partial indemnification or procurement of insurance. If any word, phrase, or sentence of this paragraph or any other paragraph is declared invalid, then all other words, phrases, or sentences of all paragraphs of this contract shall stand. If this paragraph or any paragraph is declared invalid, then all other paragraphs of this contract shall stand. Furthermore, as part of Customer's additional obligations hereunder, Customer shall bear the cost of any investigation or adjustment (including but not limited to, attorneys fees and costs, private investigator/adjuster fees and costs, expert fees and costs, costs of storage and down time for inability to use the equipment, and costs of testing of property, equipment or other items) initiated by HUNTER/MERCHANT, HUNTER/MERCHANT's Insurance carriers or HUNTER/MERCHANT's third party adjusters into any accident of any kind, when such accident, or occurrence happens, involving directly or indirectly the leased equipment, whether or not such accident involves personal injury, death or damage to the leased equipment or other property or all of these. Pursuant to the provisions of FL ST § 725.06 the parties hereby agree that the indemnification obligations of the above paragraph are limited to the amount of $5,000,000. The parties hereby further agree that this limitation bears a commercially reasonable relationship to the contract and is incorporated as part of the project specifications or bid documents, if any, and further, that the amounts of the indemnification limitation specified herein bear a commercially reasonable relationship to the contract in light of the risks to person and property which may arise from or relate to the project and work contemplated by this agreement, HUNTER/MERCHANT and Customer express IV acknowledge and agree that these indemnification provisions pertain only to claimed damages arising from this contract or its performance and, also, that these provisions shall not require Customer to indemnify HUNTER/MERCHANT for damages to persons or property caused in whole or in part by any act, error, or omission of a party other than: (a) Customer; (b) Customer's contractors, subcontractors, sub-subcontractors, materialmen or agents or any tier or their respective employees; or (c) HUNTER/MERCHANT or its officers, directors, agents or employees provided, however, such indemnification shall not include claims of, or damages resulting from gross negligence or willful, wanton, or intentional misconduct of HUNTER/MERCHANT or its officers, directors, agents or employees, or for statutory violations or punitive damages except and to the extent the statutory violations and punitive damages are caused by or result from the acts, errors or omissions of the Customer or any of

3

> Customer's contractors, subcontractors, sub-subcontractors, materialmen or agents of any tier or their respective employees.
>
> LEGAL ENTITY IDENTIFIER: Wherever the term HUNTER/MERCHANT or Affiliated Companies are mentioned, such terms shall all be synonymous with Hunter Crane, Merchant Transport, Allied/MAK Crane Service, Mullins Crane LLC, with Palm Beach Trucking LLC being the legal entity identifier. These terms and conditions shall be governed by the laws as administered in Broward County, Florida. (D.E. 1-4).

8. On or about August 21, 2012, Defendant ALL FLORIDA TREE & LANDSCAPE, INC. employed the Deceased JORGE CARRERA ZARATE.[3]

9. While removing limbs from the tree, Zarate was electrocuted when the crane came into contact with the power lines which were not de-energized. (D.E. 1, para. 14).

10. The Estate of the Deceased JORGE CARRERA ZARATE filed a wrongful death action against Defendant ROYAL CRANE in Florida state court. In this action, ROYAL CRANE filed a Third Party Complaint against Defendant ALL FLORIDA TREE & LANDSCAPING, INC. for indemnification arising out of an indemnity agreement entered between the two parties. (D.E. 1-3).

11. Plaintiff CAPITOL filed a declaratory action in this Court asking for a finding that its commercial general liability policy does not provide coverage for any claims brought against ROYAL CRANE in the underlying wrongful death lawsuit. (D.E. 1, para. 38).

12. Plaintiff CAPITOL relies upon several policy exclusions to content that coverage does not extend to ROYAL CRANE: 1) contractual liability exclusion; 2) employer liability exclusion; 3) non-employee labor exclusion; 4) contracted persons exclusion;

---

[3] Defendant ROYAL CRANE, LLC adopts the factual statements, documents and references made in Plaintiff CAPITOL's Statement of Facts on this issue (D.E. 40).

5) professional services exclusion; and 6) the mobile equipment exclusion. (D.E. 1, para. 27-32).

13. Plaintiff CAPITOL has filed a Motion for Summary Judgment on January 29, 2015 relying upon these provisions of the policy. (D.E. 39).

14. Defendant ROYAL CRANE opposes this motion and in response to the CAPITOL motion for summary judgment, it has filed its own summary judgment.

Dated: February 3, 2015
Miami, FL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of **February, 2015** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via Notices of Electronic Filing generated by CM/ECF on **Gary M. Hellman, Esq.**, Goldman & Hellman, Co-Counsel for Royal Crane, LLC, 800 Southeast Third Ave, Fourth Floor, Ft. Lauderdale, FL 33316; **Mariano Garcia, Esq.**, Searcy Denney Scarola Barnhart & Shipley, P.A., Counsel for Defendant, Rae Franks as Personal Representative of the Estate of Jorge Carrera Zarate, Deceased, 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409; and **Bruce A. Aebel, Esq.** and **Garett Thomas Raines, Esq.**, Baker Lopez Gassler, P.A., Counsel for Plaintiff, 501 E. Kennedy Blvd., Suite 1500, Tampa, FL 33062; and via U.S. mail on **Alan McPherson**, All Florida Tree & Landscaping, Inc., 5855 NW 47th Place, Coral Springs, FL 33067.

DAVID R. HOWLAND, ESQ.
Co-Counsel for Defendant, Royal Crane, LLC
Law Offices of David R. Howland
1450 Madruga Avenue, Suite 203
Coral Gables, FL 33146
Telephone: 305-662-9510 / Facsimile: 305-662-4339
E-Mail: davidrhowland@howlandlaw.com

By: /s/ David R. Howland
DAVID R. HOWLAND, ESQ.
FL Bar No. 127763