UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAPITOL SPECIALTY INSURANCE CORPORATION, a foreign corporation,

    Plaintiff,

vs.

ROYAL CRANE, LLC; ALL FLORIDA TREE & LANDSCAPE, INC.; and RAE FRANKS as Personal Representative of the Estate of JORGE CARRERA ZARATE,

    Defendant.

CASE NO.: 0:14-CV-60815-UU

## Capitol Specialty Insurance Corp.'s Reply to Royal Crane, LLC's Response to Motion for Summary Judgment

All Florida Tree & Landscape, Inc. did not enter an appearance in this declaratory action and has been defaulted. The Estate of Jorge Carrera Zarate, although appearing as a party, has not filed a response to Capitol Specialty Insurance Corporation's (Capitol) Motion for Summary Judgment. The only opposition to Capitol's Motion for Summary Judgment was filed by Royal Crane, LLC.[1]

Royal Crane seeks coverage based solely upon an indemnity agreement between Royal Crane and Capitol's insured, All Florida Tree & Landscape (AFTL).[2] Royal Crane mistakenly argues that a savings clause allows for coverage, but Royal Crane argues from policy language

---

[1] D.E. 41.

[2] D.E. 41 at p. 3.

superceded by endorsement. As Royal Crane notes, any indemnity must be predicated on a finding of coverage,[3] and no coverage exists pursuant the Employer's Liability Exclusion.

Royal Crane does not dispute that Jorge Zarate was an employee of Capitol's insured, that his injuries arose out of and in the course of employment, or even that the Employer's Liability Exclusion bars coverage as to AFTL.[4] Royal Crane argues that coverage exists, for Royal Crane at least, based solely upon the application of a "savings clause," which it alleges is included in the Employer's Liability Exclusion.[5] Royal Crane is factually wrong on this point.

The savings clause cited by Royal Crane – "**This exclusion does not apply to liability assumed by the insured under an 'insured contract'**"[6] – is found on page 24 of the Policy.[7] However, the operative Employer's Liability exclusion is found on page 54 and provides as follows:

> …**Exclusion e. under Paragraph 2., Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability is replaced by the following**:
>
> **2. Exclusions**
>
> **This insurance does not apply to:**
>
> **e. Employer's Liability**
>
> **Bodily injury, personal injury, or advertising injury to:**

---

[3] *Id.*

[4] D.E. 41 at pp. 6,7.

[5] D.E. 41 at p. 4.

[6] *Id.*

[7] D.E. 1-5 at p. 24.

2

> **(1) An employee of any insured arising out of and in the course of employment;**
>
> **(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.**
>
> **This exclusion applies:**
>
> **(1) Whether an insured may be liable as an employer or in any other capacity;**
>
> **(2) <u>To any obligation to share damages with or repay someone else who must pay damages because of the injury; and</u>**
>
> **(3) To any insured against whom a claim is made or suit is brought for such bodily injury, personal injury or advertising injury, whether by or on behalf of an employee of that insured or any other insured.**
>
> **For the purpose of this exclusion the term "employee" includes loaned, rented, leaded or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of any insured under the doctrines of borrowed servant, borrowed employee, respondeat superior or any similar doctrine, or for whom any insured may be held liable as an employer.**

(emphasis added).[8]

Thus, the savings clause cited by Royal Crane is not included in the Employer's Liability exclusion, as amended. In contrast, the Employer's Liability Exclusion specifically excludes "any obligation to share damages with or repay someone else who must pay damages because of the injury…"[9]

In addition to the Employer's Liability Exclusion, Capitol also seeks summary judgment as to the Workers' Compensation and Similar Laws Exclusion. However, Royal Crane fails to provide any explanation as to why this exclusion would not apply to a claim on which Capitol's

---

[8] D.E. 1-5 at p. 54.

[9] *Id.*

insured has already secured workers' compensation benefits, or to address this exclusion in any other way. With respect to the application of the Contracted Persons and Professional Services Exclusions, meanwhile, Royal Crane overly constricts the definition of "contractor" without any cited precedent.[10]

Royal Crane also addresses the application of the Contractual Liability Exclusion. As noted in the original Motion, Capitol does not seek a redundant ruling on the Policy's Contractual Liability Exclusion, and therefore only requests a ruling on that exclusion to the extent that there is any question as to Capitol's duties of defense or indemnity under the Employer's Liability and Workers' Compensation Exclusions. Nonetheless, Royal Crane's arguments against this exclusion are strained, at best. Royal Crane overextends the "insured contract" definition based upon non-Florida precedent.[11] In addition, Royal Crane's arguments focus only on its right to indemnity, while losing sight of the fact that Capitol is not seeking Summary Judgment on the indemnity counts (Counts I and II) of Royal Crane's Third-Party Complaint. With respect to the Contractual Liability Exclusion, Capitol's Motion for Summary Judgment solely seeks judgment on Count III of the Third-Party Complaint, for "Breach of Contract." In any event, while Capitol's Motion for Summary judgment is directed solely to Count III as to the Contractual Liability Exclusion, a determination that the Employer's Liability or Workers' Compensation Exclusions applies necessarily precludes coverage for any insured arising from this accident; whether based in coverage or via an indemnity agreement.

---

[10] D.E. 41 at pp. 7–8. *See, eg*, Stephens v. Mid-Continent Cas. Co., 915 F. Supp. 2d 1320, 1332 (S.D. Fla. 2013) aff'd, 749 F.3d 1318 (11th Cir. 2014)(defining "contractor" simply as "one under a contractual obligation to perform some work for another").

[11] D.E. 41 at pp. 4–6. *See, eg.*, Mid-Continent Cas. Co. v. Constr. Servs. & Consultants, Inc., No. 06-CV-80922, 2008 WL 896221, at *1 (S.D. Fla. Mar. 31, 2008)(limiting scope of "insured contract" to additional insured's vicarious liability).

4

Regardless, an extended analysis of these issues is not necessary. Because Royal Crane's defense as to the application of the Employer's Liability Exclusion is based solely upon a mistaken reading of the Policy, and as no reasonable factual or legal dispute exists on this issue, summary judgment should be granted in favor of Capitol.

Dated: February 10, 2015
Tampa, FL

/s/Garett Raines_____
Bruce A. Aebel
Florida Bar No: 0066435
Email:  baebel@bankerlopez.com
Garett Raines
Florida Bar No: 0037178
Email: graines@bankerlopez.com
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL  33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Plaintiff
Capitol Specialty Insurance Corp.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2015, I presented the foregoing to the clerk and to all appearing parties via electronic filing.  In addition, the foregoing was presented via US mail to Alan McPherson, All Florida Tree & Landscape, Inc., 5855 N.W. 47th Place, Coral Springs, FL  33067.

/s/Garett Raines_____
Bruce A. Aebel
Florida Bar No: 0066435
Email:  baebel@bankerlopez.com
Garett Raines
Florida Bar No: 0037178
Email: graines@bankerlopez.com

5

BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Blvd., Suite 1500
Tampa, FL 33602
(813) 221-1500
Fax No: (813) 222-3066
Attorneys for Plaintiff
Capitol Specialty Insurance Corp.

6