UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAPITOL SPECIALTY INSURANCE
CORPORATION, a foreign corporation,

    Plaintiff,

CASE NO. 0:14-CV-60815-BLOOM/Valle

vs.

ROYAL CRANE, LLC; ALL FLORIDA
TREE & LANDSCAPE, INC.; and RAE
FRANKS as Personal Representative of the
Estate of JORGE CARRERA ZARATE,

    Defendants.
_____/

## DEFENDANT, ROYAL CRANE, LLC'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT, ROYAL CRANE, LLC'S CROSS-MOTION FOR SUMMARY JUDGMENT

Defendant, ROYAL CRANE, LLC ("ROYAL CRANE"), by and through its undersigned attorney, David R. Howland, replies to Plaintiff CAPITOL SPECIALTY INSURANCE CORP. ("CAPITOL")'s response to Defendant ROYAL CRANE, LLC's Motion for Summary Judgment as follows[1]:

Plaintiff CAPITOL focuses on an endorsement located on page 54 of the insurance policy that purportedly replaces the Employer Liability Exclusion section. As an initial matter, Defendant ROYAL CRANE asserts that the endorsement of page 54 should not be permitted to replace the employer exclusion language in the main policy as the endorsement is misleading and mislabeled. The endorsement deals solely with the Employer's Liability Exclusion. However, it is titled "THIRD PARTY OVER ACTION EXCLUSION". This title does nothing to alert the

---

[1] Although Plaintiff CAPITOL titles its pleading a "Reply", it also contains a "Response" to Defendant ROYAL CRANE's cross-motion for summary judgment; therefore, Defendant ROYAL CRANE is entitled to file this Reply.

insured that this endorsement is actually attempting to reduce or narrow the coverage provided to the insured. It is misleading and a misrepresentation of what the endorsement actually purports to do, and that is limit liability coverage for injuries of an employee. Florida courts recognize that insurance policy language can be designed to intentionally disguise coverages or exclusions. *See* Prudential Property and Cas. Ins. Co. v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992). This is precisely what Capitol has attempted to accomplish by this misleading language.

Furthermore, this THIRD PARTY OVER ACTION EXCLUSION endorsement on page 54 conflicts with other provisions of the subject policy; therefore, the endorsement which provides greater coverage will prevail. Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So.2d 376 (Fla. 1st DCA 1997) (citations omitted).

The policy has conflicting language in that the endorsement on page 54 of the policy purports to exclude coverage for bodily injury to an employee and extends the exclusion "to any obligation to share damages with or repay someone else who must pay these damages ..." Plaintiff contends this language includes its insured's obligation to Defendant ROYAL CRANE in the instant case. However, within the same policy, the language provides no Contractual Liability exclusion for "insured contracts" under 2.b. of the insurance policy. This language creates an ambiguity in the policy. The policy cannot exclude coverage for a contractual liability in one section while allowing coverage for the same contractual liability in another. When one interpretation of a policy results in coverage and another interpretation results in an exclusion, ambiguity exists in the insurance policy. Dahl-Eimers v. Mutual of Omaha Life Ins. Co., 986 F.2d 1379 (11th Circ. 1993).

Interestingly, the endorsement on page 54 does not include an exclusion for an "insured contract", which is a defined term in the insurance policy. Rather, it is vague and ambiguous

language that Plaintiff CAPITOL now attempts to use to exclude coverage for what is clearly an "insured contract" between Plaintiff CAPITOL's insured and the Defendant ROYAL CRANE. If Plaintiff CAPITOL intended this endorsement to exclude coverage for an "insured contract", then it is required to use the defined term "insured contract" in the policy.

Finally, in North American Specialty Ins. Co. v. Pen Pals Productions, LLC, 789 F.Supp.2d 1343 (M.D. Georgia 2011), the case cited in Defendant ROYAL CRANE's Cross-Motion for Summary Judgment, the court held:

> [N]o case or commentary suggests that the application of the insured contract exception is not dependent upon a threshold finding that the underlying bodily injury is covered by the policy. Id. at 1350.

The Georgia federal court went on to explain that under the insurance company's interpretation of the policy language, the commercial general liability policy would never cover any occurrence that falls within the insured contract exception and would require the court to ignore clear language in the policy. Id.

The same analysis is applicable herein. If this Court accepts the misleading endorsement on page 54 of the policy as replacing the Employer's Liability Exclusion, then the insured contract exception to the Contractual Liability provision would go ignored. An insurance policy must be read in its entirety for a determination of coverage. Prudential Property & Cas. Ins. Co. v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992). In construing policies, courts should read each policy as a whole, and should attempt to give each provision its full meaning and operative effect. U.S. Fire Ins Co. v. J.S.U.B., Inc., 979 So.2d 871 (Fla. 2007).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **19th** day of **February, 2015** I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day via Notices of Electronic Filing generated by CM/ECF on

CASE NO. 0:14-CV-60815-BLOOM/Valle

**Gary M. Hellman, Esq.**, Goldman & Hellman, Co-Counsel for Royal Crane, LLC, 800 Southeast Third Ave, Fourth Floor, Ft. Lauderdale, FL 33316; **Mariano Garcia, Esq.**, Searcy Denney Scarola Barnhart & Shipley, P.A., Counsel for Defendant, Rae Franks as Personal Representative of the Estate of Jorge Carrera Zarate, Deceased, 2139 Palm Beach Lakes Blvd., West Palm Beach, FL 33409; and **Bruce A. Aebel, Esq.** and **Garett Thomas Raines, Esq.**, Baker Lopez Gassler, P.A., Counsel for Plaintiff, 501 E. Kennedy Blvd., Suite 1500, Tampa, FL 33062; and via U.S. mail on **Alan McPherson**, All Florida Tree & Landscaping, Inc., 5855 NW 47th Place, Coral Springs, FL 33067.

**DAVID R. HOWLAND, ESQ.**
Co-Counsel for Defendant, Royal Crane, LLC
Law Offices of David R. Howland
1450 Madruga Avenue, Suite 203
Coral Gables, FL 33146
Telephone: 305-662-9510
Facsimile: 305-662-4339
E-Mail: davidrhowland@howlandlaw.com

By: _/s/ David R. Howland_
DAVID R. HOWLAND, ESQ.
FL Bar No. 127763